The next case on this morning's docket is the case of Phil Russell doing business as Frank Russell from Trucking v. Jim Russell, et al. And we have Mr. Luke Beane and Mr. Morris Harvey. And I understand, Mr. Beane, you're arguing, and Mr. Alfred Sanders for the affilee. You may proceed, Mr. Beane, when you're prepared. May it please the Court and Counsel, my name is Luke Beane with the Law Office of Morris Lane Harvey. We represent the defendants in this appeal. The central issue on this appeal is whether the relief sought defines a cause of action such that a claim seeking injunctive relief or an ongoing breach of the covenant not to compete is a different cause of action from one seeking damages on the same ongoing breach of the same covenant of the same contract for purposes of 735 ILCS 5-13-217. It is submitted that in accordance with the legal authority of the State of Illinois that they are not. This case began on July 15, 1985, when Bill Russell entered into a contract with Jim Russell for purposes of purchasing Jim Russell's interest in Frank Russell and Sons Trucking, a partnership. That contract contained a covenant not to compete that specified both a range and a location and a duration for that covenant. In 1986, Bill Russell, doing business with Frank Russell and Sons, filed a complaint with the Circuit Court of Franklin County against Jim Russell, Donna Russell, and Jim Russell Supplies Defendants, alleging that Jim Russell and Bill Russell had entered into a contract with the covenant not to compete, that Jim Russell and Donna Russell formed a corporation which acquired motor vehicles for the purposes of hauling magnetite. In June of 1986, they did, in fact, haul magnetite for a customer of Frank Russell and Sons Trucking. Yet the defendants then engaged in transportation of magnetite and intended to continue to do so. The relief sought was seeking an injunction against the defendants and all other persons acting in concert with them. That case was filed 86-CH-38, which was subsequently dismissed on the plaintiff's motion on January 12, 1987. Said order makes no reference to refiling. On January 22, 1987, the plaintiff filed a new complaint with the Circuit Court of Williamson County, which is almost identical to the complaint in 86-CH-38. This case was eventually transferred to Franklin County as 87-L76. Under the briefs, there is no dispute that these are the same cause of action. 87-L76 was dismissed on the plaintiff's motion on July 12, 1993, without prejudice. Then on November 9, 1993, the plaintiff filed his third case in Franklin County labeled 93-L122. That case was filed against Jim Russell, Donna Russell, and Jim Russell Supply. Alleged that Jim Russell and Bill Russell entered into a contract in 1985. That Jim Russell and Donna Russell informed Jim Russell Supply, which acquired motor vehicles for the purposes of hauling magnetite. The defendants then violated the contract by hauling magnetite. And that Jim Russell hauled magnetite beginning in June 1986 to a customer of Frank Russell and Sons Trucking. The defendants engaged in trucking and hauling intended to continue to do so. And that the plaintiff suffered a loss of customers' profits and goodwill. That complaint was then amended twice. The first time in December of 1996, adding a second count of fortuitous interference against the original defendants. And then again in March of 1998, adding two other corporations. Those corporations being Jim Russell Sales and Jim Russell Services. And alleges that they were formed by Jim Russell and Donna Russell for the purposes of hauling magnetite in violation of the contract. For the purposes of this case, the statute relevant is 735 ILCS 5-13-217. Which limits a party to a single refiling after a motion to voluntary dismiss. According to the Illinois Supreme Court questioner found at 145 ILCS 252. That in determining a 13-217 cause of action, the court should look to principles of res judicata. That's according to the Glass, Schrager, and Mabry cases cited in the briefs. The res judicata principles look at the transactional test, not the evidence to be presented. This is according to the Illinois Supreme Court in River Park, found at 184 Illinois 2nd, 290. That a cause of action includes all the matters that could have been offered, not just those actually fled. That's according to Ross Advertising, which is cited in the briefs and found in 2012, Illat III, 110-200. Ross also points out that this includes the theories of relief as well as claims against the agents of a party. It also held that res judicata applied to atrocious interference relating back to an original complaint. Furthermore, a claim for injunctive relief is necessarily forward-looking and may preclude future injury if there is an ongoing course of conduct. This is found in the last case at page 224. These are, in fact, the same cause of action when comparing the same apples to apples. In order to do that, one must compare the original 1986 complaint to the original 1993 complaint. The 13-217 would void the 1993 action ad initio, thus the amendments never would have been made. Furthermore, the plaintiff admits that the time frame ran out in 1995 on a written contract, yet the second amendment complaint wasn't filed until 1998. As such, it must have related back to the 1993 complaint according to section 2-616B, which requires them to be the same transaction recurrence. That in order for the CH case to have prevailed, it would have necessarily involved an injunction for the period of the contract, that it would have necessarily been looking forward towards any and all corporations or agents of Jim Russell or Donna Russell or Jim Russell's supply. These are the same cause of action even after the amendments, and that the allegations in the second amendment complaint clearly were contemplated by this 1986 complaint when it said that it sought an injunction about all parties that might be working in conjunction with them. The other companies fall under the same transaction as the original corporation because they are either the alter ego of Jim Russell and thus their actions are imputed to him for the purposes of an ongoing breach, or the corporations are entirely independent of Jim Russell and thus not bound by the terms of their contract, and thus not a breach by Jim Russell individually. The facts as alleged are simple. Bill Russell and Jim Russell entered into a contract with a covenant not to compete, laying out specific restrictions, i.e. hauling magnetite within 100 miles for 10 years. Mr. Bean, so you're taking the position that all of the claims that are alleged now are all related, they're all the same basically except the issue of damages is different? That's correct, Your Honor, that the only difference between the 1986 complaint and the 1993 complaint is the relief sum, that the underlying transaction, which gives rise to the right to relief, both rose to the level of an injunctive relief as well as money damages at the time the 1986 complaint was filed. So if you accept your proposition is true, what gives you the right to proceed since it's now been filed a third time? We're asking that it be dismissed at this point in time because the plaintiff has refiled it. What third? This is the third complaint. I'm sorry. So you're saying that it should be dismissed because they were all related? That's correct, Your Honor. Do you think that that can be waived? No, Your Honor, I do not, because under Section 13-217 it would prevent the court from having subject matter jurisdiction. So you think 217 is a subject matter jurisdiction statute? Yes, Your Honor. And you think that it confers the subject matter jurisdiction in the court? I think it prevents the court from having subject matter jurisdiction over the third or the second refile and that subject matter jurisdiction can be raised up and through a deal. It's not in your 308 question. It's not part of the question that's being raised, though. However, the timing of the motion and the question on appeal was never raised by counsel at the trial. But if we look at your exact questions, would you agree that the question of whether this is a subject matter statute or not is not a part of the question? That is correct, Your Honor. However, the question on appeal is whether or not the court has the right to proceed on the secondary filing since it's been voluntarily discussed twice before. Okay. Thank you. Also with the facts of this case, the Jim Russell formed a wholly owned corporation or corporations which acquired equipment to engage in the hauling of magnetite. But the corporations did, in fact, haul magnetite in a violation of the non-compete clause beginning in 1986 and for a period thereafter. That never is there an allegation that Jim Russell or any of the corporations ceased hauling magnetite. And that because of those facts, the plaintiff is entitled to relief due to the past and ongoing breach of the covenant not to compete. That just because the 1986 and 1987 cases sought equitable relief and that the 93 case sought money damages, that has not changed the cause of action. It maintains that the same transaction is underlying in all three. That the 1986 complaint is the same cause of action as the original 1983 complaint as the underlying facts and the transaction are identical. The relief is the only difference that under the laws of the state of Illinois, the relief does not determine the cause of action. The claims contained in both the original complaints and the amended complaints are all still the same transaction as both tortious interference is still based upon the breach of contract. That issue. For reference, this I would reference you to the Ross Advertising case. Corporations are only liable to the plaintiff as the alter ego or the proxy of Jim Russell and that's only an extension of Jim Russell's actions. So that by creating new corporations, he was only ongoing his previous actions. And that they're all arising out of the same transaction, which is a predicate to amending this complaint from the 93 filing to the 1998 filing. We ask that this court find a cause of action seeking injunctive relief to prevent an ongoing breach of contract by violating the covenant not to compete is the same as one seeking money damages for the ongoing breach of contract by violating the same covenant not to compete. We further ask that this court dismiss this case with prejudice pursuant to 735 ILCS 5-13-217. And if the court has no further questions. No, you have the opportunity for rebuttal. Thank you, Your Honors. Good morning, Your Honors. Good morning. And I'd like to extend my congratulations to Justice Case's addition to the mansion. Thank you. Glad to be here. Thank you. In my 18 years of practice, this is also a first for me. I've never been the appellee in this courtroom. I've always been the appellate, so kind of a good feeling. This case obviously has a life of its own. This case that we're discussing here today was actually filed two years before I was even licensed to practice. And I've had it since my first year in practice. I really feel like my client deserves his day in court. This just drags on. By and large, what this is about is a question, and I think it could be a question of first impression, although I've never heard anybody make this allegation before. It is a suit for injunctive relief for possible violation of a contract, the same cause of action as that for money damages for an actual violation of a contract. Their position is that it is the same cause of action simply because it arises from the same contract. I've never heard such an allegation before. In essence, what we've got is some discussion here on 217, which is all the definitions of the same cause of action require that to say that the cause arises from the same operative set of facts. Our position is that the facts necessary to establish a claim for equity, which would require a pleading of no adequate remedy at law, are mutually exclusive facts from a case for money damages. If the breach has occurred and damages have accrued, you clearly have an action at law and cannot plead no adequate remedy at law. So they are mutually exclusive facts in the pleading. Yes, it's a different remedy, but there's also different defenses applicable to these separate causes of action. I went through this in 1997 in this case when the defendant raised the Latches defense, and this court said flat out in a one-and-a-half-page opinion that Latches defenses cannot be applied in cases for money damages. That is strictly a defense for an equity claim. So if you've got different facts, you've got different defenses and different pleadings and different relief, they're not the same cause of action. I noticed in the defendant's reply brief they've added a couple of cases here, and one of them is paramount. We were discussing, I think, in the brief about whether these were mutually exclusive claims. And while the counts themselves would be mutually exclusive, you can have claims for equity and money damages in the same lawsuit. I don't think that's the same cause of action simply because it's in the same number of a lawsuit. But I've got a case right now where they've got claims for money damages and injunctive relief, but they're based on separate sets of facts. One has to do with the initial breach that was significant enough to claim money damages for, and the second is for injunctive relief to prevent additional damages from occurring. So they are separate sets of facts, and one of these cases that they added to their reply brief tells that story, and it's the Axelrod versus the Involvo case. What they did not tell you in the reply brief is what the facts of that case were. The court in that case, in the fact scenario where the appellate court was setting forth what happened, indicates there were 21 counts in that complaint, and there were counts for money damages, there were counts for injunctive relief, there was counts for declaratory damages, but the court on the second page of the opinion states, quote, each count alleged facts substantially distinct from the facts of the other counts, end quote. So in order to plead both money damages and equity, they had to plead facts that were substantially different. That in and of itself defeats the definition of the same cause of action under 217, because the two counts do not arise from the same operative set of facts. Prospective relief is granted by equity, and actual relief for money damages has to do with their reactive. So there are different shots of the situation in time. Therefore, the facts cannot be the same. My colleague indicates that the only difference between the 86 and 93 cases are the relief sought. Simply not the case. The facts are different. For one thing, two of the defendants that are named in the 93 case didn't even exist when the 86 case was dismissed. They were formed years later. Breaches that are cited in the 93 case had not occurred when the 86 case was dismissed, so it was not even possible to plead those violations. As I pointed out earlier, their defenses that are applicable to the causes of action were different. So there's a huge difference between what was pled in 1986 and what was pled in the 1993 case. What about the fact that you had two dismissals already? The dismissals, and to be honest, I don't know why they were dismissed, but that had to do with whether or not you could protect them from future damages. I think it's important to remember this contract was formed in 85. It was a ten-year contract. So after 1995, it might even have been possible to get adjunctive relief for it because the contract would have been expired. He would have been entitled to repeat after 1995. So this case was filed in 93. The fact that, you know, how could you even total up your damages until 1995? So yes, there were two dismissals, but they had to do with the possibility that he might breach, whereas the 93 case has to do with the actual breaches themselves. So what we're alleging in this case had not occurred when that first case was filed. It wasn't even possible to allege it because they hadn't occurred. So you're saying the causes of action between the first and second dismissal were completely different? The causes of action between the first and second case I think were the same. So both were dismissed? That's correct. I think they were the same causes of action simply because if you look at the pleadings in the 86 and 87 cases, they applied essentially the same facts. They asked for the same relief. And they were both dismissed? Yes. Now we have a third complaint filed, and you're saying that's different now? It's different because it does not ask for equitable relief at all. It arises out of the same contract? It arises out of the same contract, but a lot of things can arise out of the same contract, and that's one of the things that my colleague talked about, that all arise out of the same transaction. That's not what 217 says. The simple fact that you have the same transaction, the base transaction in the contract, is not what controls. The question is whether the causes of action that you're asking for arises from the same set of facts. And there could be a multitude of different facts that arise from that transaction. So, and that's why I brought up the example in my brief, was if I have, under their definition, if I had a 10-year lease on a commercial property, and they're required to pay rent, insurance, and taxes, in year two, they stop paying the taxes, and I sue them. Well, before we get to trial, they pay the taxes up. I just file a criminal dismissal case. In year four, they stop paying the insurance. Again, I sue them for breach before we get to court. They catch the insurance up. There's no damages from it. I voluntarily dismiss my case. In year six, they stop paying rent. Under their definition, I would not be able to sue them for not paying rent, because we've already had two prior suits that I dismissed based on that one contract. And, of course, you could file a suit, because it's a separate act that was not included in the facts of the first two cases. So the stuff that's been pled in this third case had to do with breaches. That occurred long after the 86th case was dismissed. That's what makes it completely different. As I said, these cannot be the same causes of action by definition, because at least under 217, because 217 requires the same facts to be the base of the case. And since one requires you to say that there has not been damages that have occurred that could allow me to compute damages, you have equity. It's prospective in nature, whereas the other one is based on a completely different scenario where you're looking backwards. One looks forward. One looks backwards. As a result, it's not possible to plead both equity and money damages in the same count. You could have them in the same lawsuit, but one has to do with looking from the snapshot the lawsuit was filed, looking back before it was filed, and the other count looks forward for what hasn't occurred yet. So, yes, you can have them in the same lawsuit, but not in the same count. And I think that's what a cause of action really is. It's not the lawsuit. It's the counts within the lawsuit. A perfect example would be, excuse me, I have sinus problems. If I had rented two properties to someone and they stopped paying me on both properties and I sued based on property A, I have a right to include in that lawsuit property B, but I'm not required to file that as part of the count. So if I dismiss the suit on property A, later refile it, dismiss it again, then I'm barred from making that same claim on property A based on the same damages. But does that mean that because I had the right to bring property B into the suit that I'm now barred from suing for property B? Of course it doesn't. Because each one of those counts against each one of those events would have been a separate cause of action. So I'm not sure if that's what they're trying to argue or not, that we had the ability to make the claim for money damages somewhere along the way and didn't do it. But we have the choice of when to bring the claim for money damages. And the question is, is that in fact the same cause of action? And it's not. Simply because it's not in the same lawsuit doesn't mean there's not a separate cause of action. So the claim for money damages had never been made at all. This is the first time that has ever been claimed in this case, in this whole scenario. And when did you say that the cause of action arose? I'm sorry, Your Honor. When did you say the cause of action for the money damages arose? I believe we have a separate cause of action each time there's a breach. Because each time there's a breach there's a new set of damages. So those damages were accruing all along this 10-year period. Which is why we chose in 93 to just simply say, fine, the injunctive relief will not help us anymore. We've actually been able to calculate the damages because in the 93 case, it's the first time you see in any plea that the defendant had actually taken customers away from the plaintiff. So you're saying the money damages arose, but you just chose not to file? They arose. Well, obviously there could have been a money damage on the one haul that existed in the 86 case. They chose not to claim it because one haul is not going to destroy somebody's business. By the time Mr. Russell had to, by the time they converted this in 93, basically the defendant had taken all of his customers away from him. He had no business left. So that wasn't the scenario in 86. The 86 case was designed to try to prevent that. But later on, they kept hauling and kept hauling and kept hauling until finally all the customers gravitated to the defendant. And that's what finally said, all right, 93, it's time to total this up. We can't stop it. The irreparable harm has already occurred. And it's time to move on to what they've actually cost us. Because in the 86 case, you couldn't calculate the damages because it hadn't happened. They had one simple haul of magnetite, and that was it. So I think there possibly is an argument to say that that one haul that is listed in the 86 case, my client might be barred from collecting any damages for that one breach because they certainly could have made the claim for damages for that single haul. But all this other stuff that the damages actually took the customers away didn't occur until years after the 86 case had already been dismissed and was gone. So we're dealing with a set of facts that are completely new after 86 was dismissed in 87. For your honors, basically our position is that this is a brand-new cause of action. 93 was the first time the damages had been claimed. But I do think that we are looking at a question here that could have wrong-reaching effects if the court decides that a case of equity is even possible to be the same cause of action as a case of law because they do require mutually exclusive facts to be pled in order to sustain each one of them. The facts necessary for the damage claim will defeat, in fact, the equity claim because it establishes inadequate remedy law. So they're not possible to exist in the same set of facts. We would ask the ruling that denied the question that was posed by the circuit court. Thank you. Thank you, Mr. Sandler. Thank you for your argument. Do you have rebuttal, Mr. Bean? Yes, ma'am. Thank you. The most interesting thing about the plaintiff's argument is that it attempts to ignore both the Code of Civil Procedure for the State of Illinois as well as the case law regarding Section 13-217. Clearly, the Code of Civil Procedure contemplates filing counts in the alternative. Just look at Section 5-2-613, which allows for separate counts to be pled separately, or Section 2-617, which says that seeking the wrong remedy is not fatal, or even looking at Section 5-11-107 and the section regarding injunctive relief that also says that seeking the wrong remedy is not fatal. Clearly, the 1986 complaint could have included both seeking injunctive relief as well as money damages. It even includes in it that there was a haul made by Jim Russell Supply to a customer of Frank Russell & Sons Trucking. That haul was lost money. That haul was damages. Those damages began to approve in 1986. The complaint in 1986 also stated that once that hauling began, it was believed, and they continued to do it, that that was the reason they were seeking injunctive. They knew in 1986 that it was going to be an ongoing thing. The case law regarding Section 13-217 specifically says that government causes of action, in that kind of a scenario, is looking at the principles of res judicata. Res judicata defines the same cause of action as the same transaction. Here, the transaction is that Bill Russell and Jim Russell entered into a contract. That contract had a covenant not to compete. But in 1986, Jim Russell began breaching that contract and continued to breach that contract, and that breach entitled the plaintiff to relief. He chose, in 1986, to seek just the injunctive relief. He could have continued on, or he could have sought his injunctive relief. That would have prevented any of the future injuries that would have occurred. Under the last case, it specifically says when you have injunctive relief at the beginning, it's necessarily forward-looking. He admits it's forward-looking. Thus, it contemplated everything that would have been coming forward. What about the new entities? The new entities are only pled as the alter ego of Jim Russell. The only way that they are liable under the contract is as the alter ego or the proxy or the privity of Jim Russell. That's the only way they're liable under the contract. Do you think res judicata bars their claims as well? Yes, I do, Your Honor, because when it comes to res judicata, it's all claims that could have been brought in the initial complaint as well as all that could have been considered or contemplated. Their complaint in 1986 contemplated him doing this. It contemplated him having other agents or persons or entities doing these things for him. It specifically says, bar him and any other person acting in concert with him. That makes it the same transaction. Furthermore, by making the amendment, he's putting in the amendment that it's relating back to the original 1993 complaint that it's the same transaction. In regard to his hypothetical, the problem with this hypothetical is that it makes certain assumptions that are not the case in the facts at bar. The first is he alleges that there's three different terms that are breached at three different times. That's not the case. This is the same covenant breached in the same way beginning in 1986 and never stopping. That brings me to the second flaw. He says that in his hypothetical that the defendant or the tenant remedied this breach. He's never pled that there's been any remedy beginning when it started in June of 1986. Those fatal flaws make his hypothetical inept. We've offered our own hypothetical in our reply brief that I think speaks for itself. Unless there are any other questions by the court. I think so. Thank you. Thank you, Your Honor. Thank you. Any questions or concerns? Any arguments or worries? We'll take a matter of five seconds.